


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**FLOYD C. JACOBS,**

**Petitioner,**

**v.**

**CIVIL ACTION NO. 2:16cv329**
**CRIMINAL ACTION NO. 2:03cr197-7**

**UNITED STATES OF AMERICA,**

**Respondent.**

***MEMORANDUM OPINION AND ORDER***

Floyd C. Jacobs ("Petitioner") has submitted a Motion pursuant to Title 28, United States Code, Section 2255 to Vacate Sentence by a Person in Federal Custody ("§ 2255 Motion"). Having thoroughly reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On December 18, 2003, an Eastern District of Virginia Grand Jury returned an indictment charging Petitioner with five counts. ECF No. 1. On March 16, 2004, Petitioner pled guilty to counts two, three, and four of the indictment. ECF No. 59. Count two charged Petitioner with interference with commerce by threat or violence, in violation 18 U.S.C. § 1951. Count three charged Petitioner with using, carrying and possessing a firearm during and in relation to, and in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Count four charged Petitioner with carjacking, in violation of 18 U.S.C. § 2119.

On June 17, 2016, Petitioner filed a pro se Motion to Vacate Sentence under 28 U.S.C. § 2255 ("§ 2255"). ECF No. 210. On June 30, 2016, Petitioner filed a motion to amend his §

2255 Motion. ECF No. 217. On July 11, 2016, the Court ordered the Federal Public Defender to represent Petitioner in this matter. ECF No. 222. On September 9, 2016, the United States Attorney's Office ("Respondent") filed a Motion to Dismiss Petitioner's § 2255 Motion. ECF No. 240. On September 9, 2016, Petitioner, through appointed counsel, responded to the Court's order and supplemented the arguments he made in his § 2255 Motion. ECF No. 241. Petitioner's response also requested that his § 2255 Motion be held in abeyance, pending a decision from the United States Court of Appeals for the Fourth Circuit regarding whether Hobbs Act robbery is a "crime of violence" under § 924(c). *Id.*

In his § 2255 Motion, Petitioner argues that his convictions on count three, under 18 U.S.C. § 924(c), should be vacated in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, Petitioner argues that the statutory language held unconstitutionally vague in *Johnson* is "materially indistinguishable" from the statutory language under which he was convicted on count three, i.e., the residual clause of 18 U.S.C. § 924(c)(3)(B) ("§ 924(c)(3)(B)"). Therefore, according to Petitioner, *Johnson* also invalidates § 924(c)(3)(B), requiring that his conviction on count three be vacated. Pet'r's Resp. to Order 1-3, ECF No. 241.

Respondent argues that Petitioner is not entitled to file a motion under § 2255 because the Supreme Court has not yet recognized § 924(c)(3)(B) as unconstitutionally vague. According to Respondent, the *Johnson* holding does not invalidate § 924(c)(3)(B), leaving Petitioner without a cognizable right to assert on collateral review. Mot. Dismiss 3-4, ECF No. 240.

## II. LEGAL STANDARDS

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200,

203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Whether a hearing is mandatory for a § 2255 Motion and whether petitioner's presence is required at the hearing is within the district court's sound discretion and is reviewed for abuse of discretion. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970) (citing *Machibroda v. United States*, 368 U.S. 487 (1962)).

## III. DISCUSSION

A § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The beginning date for that one-year limitations period is not universal, but is dependent upon the

motion's allegations. Petitioner's § 2255 Motion is not timely under § 2255(f)(1) because he filed more than one year after his judgment of conviction became final. The motion is not timely under § 2255(f)(2) because Petitioner alleges no unlawful governmental action that prevented him from filing the § 2255 Motion. The motion is not timely under § 2255(f)(4) because Petitioner provides no evidence of newly discovered facts that would affect his sentence.

Petitioner argues that his motion is timely under subsection (f)(3), which states that the one-year time limit begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

"Thus, to obtain the benefit of the limitations period stated in § 2255(f)(3), [a petitioner] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been ... made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting § 2255(f)(3)). The threshold issue for the Court, then, is whether this motion is timely under § 2255(f)(3). The core question of this timeliness inquiry is whether Petitioner is asserting a right that the Supreme Court has recognized.

It is appropriate to equate the term "right," as used in § 2255(f)(3), with the term "rule," as used in the Supreme Court and Courts of Appeals cases cited in this opinion. *See United States v. Cuong Gia Le*, No. 1:03-cr-48-TSE, ECF No. 691 at 13-16 (E.D. Va. Sept. 8, 2016) (Ellis, J.). Rather than alternate between the two terms, this opinion will use the term "rule" throughout, with the intent that it be read as synonymous with the "right" discussed in § 2255(f)(3).

"[A] case announces a new rule when it breaks new ground . . . . To put it differently, a case announces a new rule if the result was not *dictated* by [existing precedent]." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original). A certain result is considered to be "dictated" by existing precedent if that result is "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 528 (1997). Similarly, the Fourth Circuit's "new rule" test says a rule is new unless it would be "objectively unreasonable" under existing law "for a judge to reach a contrary result." *O'Dell v. Netherland*, 95 F.3d 1214, 1223–24 (4th Cir. 1996). "A case does not 'announce a new rule, [when] it [is] merely an application of the principle that governed' a prior decision to a different set of facts." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague*, 489 U.S. at 307).

**A. The *Johnson* Decision**

The Supreme Court recognized a new rule in *Johnson v. United States*. In *Johnson*, the Court held that the residual clause of 18 U.S.C. 924(e)(2)(B)(ii), part of the Armed Career Criminal Act (ACCA), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557-58. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court made that rule retroactive to cases on collateral review. *Welch*, 136 S. Ct. at 1265. The question raised by the instant motion is whether § 924(c)(3)(B) is part of the rule recognized in *Johnson* and made retroactive in *Welch*.

Petitioner argues that the similarities in language between the ACCA residual clause and § 924(c)(3)(B) are such that the rule applicable to the former necessarily governs the latter. Before the Supreme Court delivered its opinion in *Johnson*, the U.S. Solicitor General made this same argument in a Supplemental Brief to the Court. Suppl. Br. Resp't at 22, *Johnson v. United States*, 135 S. Ct. 2551 (2015) (No. 13-7120). The brief listed dozens of state and federal laws that employ language similar to the ACCA's residual clause, including § 924(c)(3)(B). *Id.* at 1a.

The purpose of this list was to encourage the Supreme Court to uphold the constitutionality of the ACCA residual clause, warning that a contrary decision would effectively render void the myriad other laws containing similar language, including § 924(c)(3)(B). *Id.* at 22-26. The Court's opinion in *Johnson* flatly rejected this argument:

> The Government and the dissent next point out that dozens of federal and state criminal laws use terms like "substantial risk," "grave risk," and "unreasonable risk," suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. . . . Not at all.

*Johnson*, 135 S. Ct. at 2561.

The Court confirmed this again in *Welch*, saying, "The Court's analysis in *Johnson* thus cast [sic] no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion.'" *Welch*, 136 S. Ct. at 1262 (quoting *Johnson*, 135 S. Ct. at 2561).

To meet the requirements of § 2255(f)(3), Petitioner's claim must be governed by a rule that the Supreme Court has recognized. When the Court created a new rule governing the ACCA residual clause, it also took care to clarify that this new rule does not put similar laws, like § 924(c)(3)(B), "in constitutional doubt." The *Johnson* and *Welch* opinions thwart Petitioner's argument that the rule announced in *Johnson* necessarily invalidates § 924(c)(3)(B) as well.

**B. Inconsistency among Lower Courts' Decisions**

The disagreement among the lower courts regarding *Johnson*'s application to similar laws is further evidence that the Supreme Court's rule in *Johnson* does not invalidate § 924(c)(3)(B). To successfully claim relief under § 2255(f)(3), Petitioner would need to show that his claim is covered by the rule recognized in *Johnson*, and that he is not advocating for some new rule. A rule has been recognized if it dictates a result that is "apparent to all

reasonable jurists" (*Lambrix*, 520 U.S. at 528); in other words, a rule is recognized if it would be "objectively unreasonable" for a judge to decide contrary to that rule (*O'Dell*, 95 F.3d at 1223–24). If this standard is not met, the rule being cited is not a recognized rule and is, therefore, a new rule.

As support for his argument, Petitioner cites decisions from two circuit courts that say *Johnson* invalidates the residual clause of 18 U.S.C. § 16(b) ("§ 16(b)"), which contains language identical to § 924(c)(3)(B). Pet'r's Resp. to Order 5, 10, ECF No. 241 (citing *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015)). However, the Fifth Circuit has held that *Johnson* invalidates neither § 16(b) nor § 924(c)(3)(B). *United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016); *In re Fields*, 826 F.3d 785, 786–87 (5th Cir. 2016).

Additionally, while the Sixth Circuit has held § 16(b) unconstitutional in light of *Johnson*, it has distinguished § 16(b) from § 924(c)(3)(B), despite the shared identical language, and has upheld the latter as constitutional. *Shuti v. Lynch*, 828 F.3d 440, 441 (6th Cir. 2016); *see also United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016).

The Fourth Circuit, noting this disagreement among the circuit courts, declined to decide whether *Johnson* invalidates § 924(c)(3)(B), saying that such a claim by a petitioner "would not survive plain error review." *United States v. Graham*, 824 F.3d 421, 424 n.1 (4th Cir. 2016). The Fourth Circuit reasoned, "'An error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred.' . . . This court has not yet addressed this claim, and our sister circuits have divided on the issue." *Id.* (quoting *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013)). The Fourth Circuit's decision and reasoning imply that Petitioner's

claim is not settled law, neither in the Supreme Court nor in this circuit, in addition to being a point of disagreement among the other circuit courts.

While it is true that "[judicial] disagreement alone does not defeat a plaintiff's claim in every instance," it is also true that "judicial disagreement about the existence of a [rule] is certainly a factor we consider in determining whether a [rule] has been clearly established." *Owens v. Baltimore City State's Att'y's Office*, 767 F.3d 379, 399 (4th Cir. 2014).

Petitioner argues that his challenge to the constitutionality of § 924(c)(3)(B) is part of the rule recognized in *Johnson*, and that it would be "objectively unreasonable" for a court to decide otherwise. Pet'r's Resp. to Mot. Dismiss 4, ECF No. 242. However, the fact that reasonable jurists across the country disagree among themselves on that point is strong indicia that Petitioner is advocating for a new rule.

The constitutionality of § 924(c)(3)(B) is not affected by the rule recognized in *Johnson*. Therefore, Petitioner's claim does not meet the timeliness requirements under § 2255(f)(3). In two cases in the Eastern District of Virginia, the Court has recently reached the same result on this issue, providing further support for the Court's decision. *See United States v. Cuong Gia Le*, No. 1:03-cr-48-TSE-1, ECF No. 691 (E.D. Va. Sept. 8, 2016) (Ellis, J.); *see also Gray v. United States*, No. 4:08-cr-25-RBS-FBS, ECF No. 78 (E.D. Va. Sept. 1, 2016) (Smith, C.J.).

**C. Recognizing New Rules for § 2255(f)(3) Purposes**

Petitioner's response asks this Court to hold the § 2255 Motion in abeyance, "pending a decision from the United States Court of Appeals for the Fourth Circuit regarding whether Hobbs Act robbery is a 'crime of violence' under § 924(c)." Pet'r's Resp. to Order 1, ECF No. 241.

Again, the threshold issue for the Court is whether § 924(c)(3)(B) is included in the *Johnson* rule, such that the § 2255 Motion is timely under § 2255(f)(3). The language of §

2255(f)(3) clearly states that the rule cited by a petitioner must be recognized *by the Supreme Court*. 28 U.S.C. § 2255(f)(3). The recognition of a new rule by any other court does not confer on a petitioner the ability to collaterally attack his sentence through § 2255(f)(3). While the Fourth Circuit has recognized that § 2255(f)(3) allows the circuit courts to decide the *retroactivity* of new rules, *see United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010), the initial *recognition* of the new rule itself must come from the Supreme Court.

For reasons already stated, Petitioner's claim is not timely because it is not encompassed by the rule announced in *Johnson*. It is clear, then, that the Supreme Court must recognize a new rule in order for Petitioner to meet the timeliness requirements under § 2255(f)(3). A decision by the Fourth Circuit, or any lower court, regarding whether Hobbs Act robbery qualifies as a "crime of violence" is not an adequate substitute for a new Supreme Court rule invalidating § 924(c)(3)(B).

**D. Waiver of Response**

Finally, Petitioner argues that Respondent has "defaulted any potential argument" to the § 2255 Motion because Respondent filed a Motion to Dismiss rather than a Response. Pet'r's Resp. to Mot. Dismiss 7, ECF No. 242. According to Petitioner, "[t]he government's failure to comply with the Court's order means that it has forfeited all other defenses." *Id.* at 7.

Rule 5(a) of the Rules Governing § 2255 Proceedings states, "The respondent is not required to answer the motion unless a judge so orders." SECT 2255 Rule 5. The 2004 Amendment to Rule 5 provides that "[this] rule does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the motion." *Id.*

The Eastern District of Virginia is among the districts to which the 2004 Amendment refers. It is not uncommon in the Eastern District of Virginia for respondents to file a motion to

dismiss in response to § 2255 motions. For example, such was the case in the aforementioned *Cuong Gia Le* matter decided in this district. Contrary to Petitioner's argument, Respondent's filing of a Motion to Dismiss does not constitute a "failure to comply with the Court's order" and does not waive any defenses or responses in connection with Petitioner's claim.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner is not entitled to relief. Accordingly, Respondent's Motion to Dismiss is **GRANTED** and Petitioner's Motion to Vacate, including the request to hold it in abeyance pending a decision by the United States Court of Appeals for the Fourth Circuit, is **DENIED**.

Additionally, Petitioner has not set forth a specific issue that demonstrates a substantial showing of the denial of a constitutional right. Therefore, pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED**.

Norfolk, Virginia
October 28, 2016

/s/
Raymond A. Jackson
United States District Judge